[No. 14010.  In Bank. — January 4, 1891.]

MARY COFFEY, RESPONDENT, v. GRAND COUNCIL, PETITIONER.

87  367
87  370

MANDAMUS — SETTLEMENT OF EXCEPTIONS — LACHES. — *Mandamus* will not lie to compel the judge to settle a bill of exceptions or statement when the counsel for the moving party failed to appear at the time fixed for the settlement, and thereafter withdrew the draught and amendments from the control of the judge, and held them for a month before presenting them again for settlement, without excuse for the delay.

ID. — INADVERTENCE. — The fact that the failure to appear at the hour fixed for the settlement of the statement was through inadvertence cannot be considered in the supreme court upon application for a *mandamus* to compel the settlement. The only power to relieve from the inadvertence is in the court below, and not in the supreme court.

ID. — SERVICE OF PETITION AND WRIT — DISMISSAL OF PROCEEDING. — The failure to serve a copy of the petition and writ upon the opposite party, as required by rule 28 of the supreme court, is ground for dismissing the petition for the writ of mandate, if no offer is made to comply with the rule.

APPLICATION for writ of mandate to Hon. J. P. Hoge, Judge of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*W. F. Stafford*, for Petitioner.

*Oscar T. Schuck*, and *H. H. Reid*, for Respondent.

PATERSON, J. — This is an application for a writ of mandate to compel Hon. J. P. Hoge, a judge of the superior court, to settle a bill of exceptions in the case of Coffey v. The Grand Council of the Young Men's Institute, and should be entitled Grand Council v. Hoge, Judge.

On the petitioner's own showing, we think it is not entitled to the writ prayed for.

After judgment in the court below, in favor of the plaintiff, the defendant in due time served its notice of intention to move for a new trial and proposed statement. Proposed amendments were served January 30,

1890, and on February 3d defendant served notice that they were not accepted, and that the proposed statement and amendments would be presented to the judge on February 10, 1890, at ten, A. M.   Counsel for the plaintiff appeared before the judge at the hour named, but no one appeared on behalf of the defendant, nor was the proper statement presented until two o'clock of the day named, when its counsel went to the chambers of the judge and asked permission to withdraw the proposed statement and amendments, for the purpose of seeing if the attorneys for the respective parties could not agree upon a settlement.   Two days later, he called at the office of the plaintiff's attorney for a voluntary settlement, but the latter refused to consider the proposal, claiming that defendant had lost the right to a settlement by reason of its laches.   Thereupon defendant's counsel incorporated all of the proposed amendments in the statement, and presented an engrossed copy of the same to the judge for his certificate on March 11, 1890, but the latter refused, and still refuses, to sign the same, claiming that he had lost jurisdiction to act upon it.

The petitioner alleges that its counsel was engaged in causes pending in other departments of the superior court, and for that reason overlooked the hour for which the settlement of the statement had been fixed.   If there is any power to relieve a party from the effect of such an inadvertence, it is in the court below, not here.   The matter was presented to the judge, and the petition shows that the petitioner was given repeated hearings on its application, all parties being present.   As stated before, if there was any power anywhere to relieve the petitioner from its default, and if good cause could be shown in that behalf, the court below was the proper tribunal to determine the matter, and we must assume that it did not abuse its discretion on the showing made by the parties.

Furthermore, it appears that counsel for the petitioner

did not ask the judge to settle the statement when he appeared before the latter at two o'clock, and that he did not leave the papers with the judge, but withdrew them. Instead of going immediately to the attorney for the adverse party to see if a voluntary settlement could be had, he held the papers for two days, and after being informed that no settlement could be made, the reasons for which were given, he held them for about a month before any attempt was made to secure the certificate of the judge. No excuse is offered for these delays.

Counsel for petitioner asked at the hearing to be allowed to amend the petition, so as to set out the conversation between himself and the judge which occurred at two o'clock, February 10th, as fully as it is set out in his affidavit in opposition to the motion made in Department One of this court to dismiss the appeal. If the petition can be amended in any case after an alternate writ has been issued, and the respondent has appeared and answered the same, it would be useless to allow it in this case. We have looked into the affidavit referred to, and there is nothing there alleged which would have any material bearing on the question before us.

No copy of the petition or of the writ was served on the plaintiff, and respondent has moved to dismiss on that ground. Rule 28 requires the petitioner to serve copies on the party in interest. This would, of itself, be sufficient ground for dismissing the petition, no offer having been made to comply with the rule.

The demurrer is sustained, without leave to amend, and the alternate writ is discharged.

WORKS, J., SHARPSTEIN, J., and McFARLAND, J., concurred.

Rehearing denied.